UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERFOREVER SPORTS, INC., § <br> As Broadcast Licensee of the July 24, 2003, § <br> Mexico/Costa Rica Event § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SILVIA ESTHER CHAVEZ, § <br> Individually and d/b/a TEQUILA § <br> SUNRISE NITE CLUB § <br> § <br> Defendant. § | CIVIL ACTION NO. H-06-02412 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Interforever Sports, Inc.'s Motion for Summary Judgment (Docket #16). After considering the parties' filings and the applicable law, the Court finds genuine issues of material facts remain. Plaintiff's motion should therefore be **DENIED**.

I. BACKGROUND

Plaintiff Interforever Sports brings this action under Sections 553 and 605 of the Federal Communication Act of 1934, 47 U.S.C. §§ 553, 605, seeking monetary damages for the alleged illegal interception and exhibition of the July 24, 2003 soccer match between Mexico and Costa Rica ("the Event") at Defendant's establishment, Tequila Sunrise Nite Club ("the Establishment"). The bases for these allegations are offered as an Appendix to Plaintiff's Motion for Summary Judgment (Docket #17) and primarily

1

consist of the affidavits of Marcus W. Corwin, the President of Secure Signal, Inc. and Attorney-In-Fact for Interforever Sports, and Michael Liles, an auditor employed by Plaintiff to observe the Establishment on the night of the Event.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. Id.

### B. Genuine Issues of Material Fact

#### 1. Whether Defendant Exhibited the Event at the Establishment

The lynchpin of Plaintiff's claim is its assertion that Defendant exhibited the Event at the Establishment on July 24, 2003. Pl.'s Mot. Summ. J. at 1-2. Given the standard of review on a motion for summary judgment, under which the Court views all evidence in the light most favorable to the non-moving party and draws all reasonable

inferences in that party's favor, the Court finds that a genuine issue of material fact exists with regard to whether Defendant exhibited the Event at the Establishment on said date.

In support of its assertion, Plaintiff primarily depends on Mr. Liles's affidavit, and on the fact that Defendant's marquee advertised the Event. Viewed in the light most favorable to Defendant, this evidence is insufficient to show that Defendant exhibited the Event on the night in question. Mr. Liles's affidavit does not state clearly that he personally witnessed such an exhibition. Instead, Mr. Liles merely states that he witnessed "post-game highlights" of the Event and Spanish-language commentary about the Event. App. to Pl's Mot. Summ. J. at Ex. A-2. He also explicitly states that "it was apparent that MEXICO had won the match," the past-tense construction of the sentence directly stating that the Event itself had ended. App. Ex. A-2. While it is true that Mr. Liles's affidavit contains the summary statement that "Defendant was showing [the Event]," App. Ex. A-2, under the summary judgment standard it is appropriate for the Court to infer that this statement is merely an inaccurate summary of the facts stated in the rest of the affidavit. That the facts as stated in the affidavit are internally contradictory on the issue of whether the Event itself was showing at the Establishment further supports the Court's conclusion that the affidavit is insufficient to show that Defendant exhibited the Event on the night in question.

The photograph of Defendant's marquee, included as page two of Mr. Liles's affidavit, App. to Pl's Mot. Summ. J. at Ex. A-2, and which appears to be uncontested in the summary judgment record, lends only slight support to Plaintiff. Drawing all inferences in favor of Defendant, the fact that the Event was listed on the marquee does

not lead to the unavoidable conclusion that Defendant exhibited the Event, although clearly such evidence would be probative at a later stage of the litigation.

In light of all the evidence and cognizant of the appropriate standard of review on summary judgment, the Court finds that a genuine issue of material fact exists as to whether the Event was shown at the Establishment on the night in question.

### 2. Whether Defendant Illegally Intercepted the Event

Plaintiff seeks to recover various statutory damages based on the allegation that Defendant illegally intercepted and/or received the Event on the night in question. Pl.'s Mot. Summ. J. at 9. As evidence for this allegation, Plaintiff argues that "Defendant could not have obtained the transmission of the Event had Defendant not undertaken specific wrongful actions to intercept and/or receive and broadcast the telecast," and cites to Mr. Corwin's statements in his affidavit to the same effect. Pl's Mot. 9. Again cognizant of the summary judgment standard of review, the Court finds this evidence insufficient to carry the moving party's burden of showing that no genuine issue of material fact exists as to the illegality of Defendant's actions.

Reliance on Mr. Corwin's statements is misplaced. Plaintiff has not properly designated Mr. Corwin as an expert in this case. Consequently, Rule 602 of the Federal Rules of Evidence limits Mr. Corwin's testimony to those matters for which there is evidence to support a finding that the witness has personal knowledge of the matter. Although Rule 602 allows the witness' own testimony to provide such evidence, Mr. Corwin's affidavit falls far short of laying an adequate foundation for his assertions. In particular, the assertion that only illegal actions could have resulted in the intercept of the Event on the night in question is essentially a technical one, but the affidavit fails to

demonstrate Mr. Corwin's personal technical knowledge. The affidavit simply recites Mr. Corwin's positions as President of Secure Signal and Attorney-in-Fact for Interforever Sports; it does not broach the scope of his responsibilities or, more to the point, his experience and knowledge. App. to Pl's Mot. Summ. J. at Ex. A. The Court need not stretch its imagination to find that a president of a company, much less an attorney-in-fact to a company, does not necessarily possess the requisite personal knowledge of technical matters such as these.

Without the support of Mr. Corwin's affidavit, Plaintiff's assertion of Defendant's illegality amounts to a bare inference of illegality from the (disputed) fact of exhibition. Such an inference in favor of the moving party on a summary judgment motion directly contravenes the Court's standard of review. The Court therefore finds that a genuine issue of material fact exists with regard to whether the Defendant illegally intercepted and/or received the Event on the night in question.

### 3. Whether Defendant is a Multiple Offender

Plaintiff alleges that Defendant is a "multiple offender" for purposes of the Communication Act, which, according to Plaintiff, justifies additional damages. Pl.'s Mot. Summ. J. at 5, 22. In support of this allegation, Plaintiff offers Exhibit E to their Motion for Summary Judgment, which consists of an affidavit by Marcial Solis, an apparently independent auditor. App. to Pl's Mot. Summ. J. at Ex. E. Mr. Solis' affidavit states that on August 22, 2005, Defendant exhibited a boxing match between fighters named Mayorga and Piccirillio. However, the affidavit provides no evidence that the exhibition of the boxing match was in any way in violation of law, much less of the Communication Act. The Court finds that this affidavit provides insufficient support for

the allegation of Defendant's multiple offenses under the Communication Act. Because Plaintiff has failed to offer sufficient evidence to support that allegation, the Court cannot grant summary judgment for Plaintiff on this matter.

### 4. Damages and Other Issues

In light of the many remaining genuine issues of material fact, the Court finds that an assessment of Plaintiff's damages is speculative and therefore premature. All issues relating to allegations of Plaintiff's business losses, Defendant's financial gains, statutory penalties, attorneys' fees, and other damages therefore remain in issue.

The Court further notes that this Memorandum and Order does not purport to set forth an exhaustive list of outstanding factual disputes, and that it is not intended to exclude the possibility that other genuine issues of material fact exist in this case.

### III. CONCLUSION

Numerous genuine issues of material fact remain in this case, not the least of which is whether Defendant exhibited the Event in the first place. Plaintiff's Motion for Summary Judgment must therefore be, and hereby is, **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 24 day of September, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.